## WILDER v. FERGUSON.

[71 South. 324.]

BILLS AND NOTES. *Action. Jury case.*

In a suit on a promissory note given for the purchase of land, the court held under the evidence as set out in this case that the plaintiff had made out a case and a peremptory instruction should not have geen given for the defendant.

APPEAL from the circuit court of Sunflower county.
HON. F. E. EVERETT, Judge.

Suit by Mrs. R. A. Wilder against J. F. Ferguson. From a judgment for defendant on peremptory instruction, plaintiff appeals.

Appellant was plaintiff in the court below, and appellee was defendant. Suit was brought on a note alleged to have been executed by appellee in favor of the Concho Land Company, which had been indorsed without recourse to appellant, and which note is made an exhibit to the declaration. The declaration alleges and the note on its face shows that the signature was witnessed by E. C. Perry, a partner in the Concho Land Company and one Lanberhrin, and that appellee could not write, but made his mark. The following testimony was taken on the trial, at the end of which the defendant moved the court to exclude the evidence of witness Ferguson on the grounds that it did not appear that he executed the note sued on, and the court sustained the motion, and thereupon a granted peremptory instruction, directing the jury to return a verdict for the defendant from which plaintiff appeals. Mrs. R. A. Wilder (white) witness for the plaintiff, after first being duly sworn, testified as follows, to-wit:

"By Mr. Grace: Q. Your name is Mrs. R. A. Wilder? A. Yes, sir. Q. Where do you live? A. St. Angelo, Tex. Q. Are you acquainted with the Concho Land Com-

pany at St. Angelo, Tex.? A. Yes, sir. Q. Who is the Concho Land Company? A. T. C. Craig and E. C. Perry. Q. Do you know the defendant, Mr. Ferguson? A. Yes, sir. Q. How long have you known Mr. Ferguson? A. I met him a short time ago at Inverness, when I was there working for the Concho Land Company trying to get home prospects to go to Texas, and I also met his son, and he went out on one trip, and Mr. Ferguson went on another to see the land. Q. What position do you occupy with the Concho Land Company? A. I am their agent to get people to look at their land. Q. You met Mr. Ferguson at Inverness? A. Yes, sir; I met him there. Q. And you met his son? A. Yes sir. Q. What did Mr. Ferguson do relative to going to Texas? A. He said that he would go out there with me some time to look at the land. Q. Did he go with you after that? A. Yes, sir. Q. You are the plaintiff in this suit, I believe, are you, Mrs. Wilder? A. Yes, sir. Q. I will hand you a note signed by Mr. J. F. Ferguson. Take this instrument of writing, Mrs. Wilder, and state to the jury what it is. A. It is the note that Mr. Ferguson signed while he was in Texas, in payment on some land. Q. How much did Mr. Wilder buy there, if you know, Mrs. Wilder? A. I don't remember for sure; I think that it was one-half section. Q. Who is the payee in the note; that is, who is it made payable to? A. The Concho Land Company. Q. Would you mind reading that note to the jury? (Objection; sustained; exception.) Q. Who is the owner of that note now? A. I am. Q. How did you get possession of it, Mrs. Wilder? A. It was signed over to me by the Concho Land Company. Q. Was it indorsed to you? A. Yes, sir. Q. Where does the indorsement appear to you from the Concho Land Company? A. On the back of it. Q. You say that Mr. Ferguson executed that note? A. Yes, sir. (Objection; sustained; exception.)

"By Mr. Price: We ask the court to exclude from the jury that answer to that question.

"By the court: It is sustained. Gentlemen of the jury, you may disregard the answer to the last question. (The plaintiff then and there excepted to the ruling of the court.)

"Q. Mrs. Wilder, did you have any conversation with Mr. Ferguson in Carlsdad, Tex., after the supposed execution of that note? A. Yes, sir; I did. (Objection; sustained; exception. Witness excused.)"

Mr. Ferguson, after being duly sworn, testified as follows, to wit:

"By Mr. Grace: Q. Your name is J. F. Ferguson? A. Yes, sir. Q. Where do you live? A. North of Morehead, Miss. Q. Are you acquainted with Mrs. Wilder, the plaintiff in this case? A. Yes, sir. Q. Tell the court and jury whether or not you went to Texas in August, 1911, to look at some land of the Concho Land Company; did you go there with Mrs. Wilder? A. Yes, sir; I went over there with her. Q. Did you make a trade with the Concho Land Company for some land? (Objection; overruled; exception.) A. Yes, sir. Q. I will ask you whether or not you signed a note there. (Objection; overruled; exception.) A. I couldn't tell the court whether I signed that note or not; I signed a note; I don't know whether this is the note, or not, that I signed Q. How did you sign that note; did you sign it by writing your name there, or did you make a mark? A. I see a mark there; I can't read or write my name. I couldn't write my name to that note, or any other kind of a note; that resembles the mark that I always sign with. Q. Well, you signed a note; that is, you made a cross mark on it? A. Yes, sir. Q. That note is for what amount? A. five hundred dollars. Q. What date was that? A. I don't know, sir, what date it was, or anything about it. Q. Who was present when you signed the note? A. Mr. Perry and—I forget the other fellow's name; I can't call his name. There is just two of them. Q. You signed the note there; what was your reason for signing the note there? (Objection; sustained; exception.) Q. You say

that you did sign a note for the Concho Land Company?
A. Yes, sir. Q. You don't know whether this is the one
or not that you signed? A. No, sir; I don't (Objection.)

"The defendant moves the court to exclude the evidence of the witness Ferguson, on the ground that it does
not appear that he executed the note sued on in this case.

"By the Court: The motion is sustained. (Exception.
Witness excused.)"

*M. B. Grace,* for appellant.

*J. H. Price,* for appellee.

POTTER, J., delivered the opinion of the court.

The plaintiff's evidence produced in this cause made
out a case, and the court erred in granting a peremptory
instruction.

*Reversed and remanded.*

---

CURRIE *v*. BENNETT.

[71 South. 324.]

APPEAL AND ERROR. *Right of review. Compliance. Payment.*
The right of a defendant against whom a money judgment has been
rendered, to pay the same, and afterwards appeal to the supreme
court is well settled in this state.

APPEAL from the chancery court of Harrison county.
HON. J. M. STEVENS, Judge.

Suit by Annette Currie against J. F. Bennett, administrator. From a judgment for plaintiff, defendant
appeals.

The facts are fully stated in the opinion of the court.

*T. M. Evans* and *L. Brame,* for appellant.

*U. B. Parker* and *Bowers & Bowers,* for appellee.